**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---

**JOSE W. OQUENDO-CLAUDIO, et al.,**

    **Plaintiffs,**

      **v.**                       **Civil No. 10-2185 (GAG)**

**SANTANDER FINANCIAL SERVICES,
INC.,**

    **Defendant.**

---

**MEMORANDUM OPINION AND ORDER**

Presently before the court are the defendant's motions for reconsideration (Docket No. 22) of the court's order at Docket No. 18 denying dismissal of the complaint and for partial dismissal of the amended complaint (Docket No. 27).

The present complaint was filed on December 4, 2010 by Jose W. Oquendo-Claudio ("Oquendo"), Carmen Delgado-Ramirez ("Delgado"), Maria M. Quinones-Rivera ("Quinones"), and Maria Arroyo-Rivera ("Arroyo") against Santander Financial Services, Inc. ("Santander") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (See Docket No. 1.) Oquendo, Quinones, and Arroyo had previously filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Puerto Rico.[1]  Delgado had previously filed for Chapter 13 Bankruptcy in the same court.[2]

Santander originally moved for dismissal on grounds of judicial estoppel and lack of standing because the plaintiffs had not listed the present claim against Santander in their respective bankruptcy proceedings.  (See Docket No. 12.)  In the response (Docket No. 17), counsel for the

---

[1] Oquendo filed for Chapter 7 on February 8, 2010.  (See Docket No. 12-1.)  Quinones filed for Chapter 7 on February 20, 2010.  (See Docket No. 12-6.)  Arroyo filed for Chapter 7 on March 19, 2010.  (See Docket No. 12-8.)

[2] Delgado filed for Chapter 13 on March 12, 2010.  (See Docket No. 12-3.)

1  plaintiffs admitted the present claim was not listed in the corresponding bankruptcy proceedings and

2  informed the court the necessary steps "to correct this mistake" had been taken.[3]  (See Docket No.

3  17 at 2 ¶ 2; 5 ¶ 18.)  The court denied Santander's motion to dismiss, "as matters outside of the

4  complaint [were] brought to the court's attention" and instructed the parties could move for

5  summary judgment at the appropriate time.  (See Docket No. 18.)

6          Santander moved for reconsideration of this denial on May 10, 2011 (Docket No. 22).  On

7  May 12, 2011, with leave of court, the plaintiffs filed an amended complaint (Docket No. 26) to

8  include Jessica Negron-Peluyera ("Negron") as plaintiff.[4]  Negron has not filed for bankruptcy.  On

9  May 25, 2011, Santander filed a supplemental motion for partial dismissal (Docket No. 27)

10 maintaining its judicial estoppel argument as to the original four plaintiffs.  It does not move for

11 dismissal of Negron's claims.  (See Docket No. 27 at 2-3 ¶¶ 6-7.)

12         The doctrine of judicial estoppel "operates to prevent a litigant from taking a litigation

13 position that is inconsistent with a litigation position successfully asserted by him in an earlier phase

14 of the same case or in an earlier court proceeding."  Perry v. Blum, 329 F.3d 1, 8 (1st Cir. 2010)

15 (citing InterGen N.V. v. Grina, 344 F.3d 134, 144 (1st Cir. 2003)).  "[It] applies when a party has

16 adopted one position, secured a favorable decision, and then taken a contradictory position in search

17 of legal advantage." Rodriguez-Torres v. Gov't Dev. Bank of Puerto Rico, 750 F. Supp. 2d 407, 414

18 (D.P.R. 2010) (citing Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 33 (1st Cir. 2004)).

19

20

21         [3] The plaintiffs' counsel in this case was also their bankruptcy attorney.  (See Docket No. 17
   at 4 ¶ 13.)

22

23         [4] The court notes that while it is common for district courts to deny a motion to dismiss an
24 original complaint as moot if an amended complaint is timely filed pursuant to Rule 15(a)(1)(B), an
   amendment to a complaint does not automatically render moot the grounds raised in the motion to
25 dismiss the original complaint.  See Carolina Cas. Ins. Co. v. Tony's Towing, Inc., 2011 WL
   4402147 at *1 n.4 (S.D. Ala. Sep. 22, 2011) (citations omitted).  This is especially true where –like
26 here– the amended complaint is "substantially identical to the original complaint."  Id. (citations
   omitted); see Smith v. GE Aviation, 2011 WL 2790166 at *1 (S.D. Ohio. Jul. 15, 2011).  Here, the
27 allegations and claims asserted in the original complaint (Docket No. 1) and the amended complaint
28 (Docket No. 26) are substantially identical.  The amended complaint simply adds a fifth plaintiff.
   Accordingly, the court does not think it necessary to moot the motion for reconsideration.

"The principal of judicial estoppel has been applied in the context of claims which were not raised in parallel bankruptcy proceedings." Rodriguez-Torres, 750 F. Supp. 2d at 414 (citing Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.), Inc., 989 F.2d 570, 571 (1st Cir. 1993)).

"The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all of one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh." Rodriguez-Torres, 750 F. Supp. 2d at 414 (citing Payless, 989 F.2d at 571) (internal quotation marks omitted). According to the First Circuit, "nondisclosure of claims as assets in bankruptcy proceedings in order to litigate those claims independently constitutes 'a palpable fraud that the court will not tolerate, even passively.'" Rodriguez-Torres, 750 F. Supp. 2d at 414 (citing Payless, 989 F.2d at 571). "A bankruptcy debtor having obtained judicial relief on the representation that no claims existed, can not . . . resurrect them and obtain relief on the opposite basis." Rodriguez-Torres, 750 F. Supp. 2d at 414 (citing Payless, 989 F.2d at 571) (internal quotation marks omitted).

Here, the plaintiffs did not list the present claims on their bankruptcy schedules. They argue they cured this defect by moving to amend the schedules to include the present claims in bankruptcy court. The court notes that judicial estoppel does not apply where the opposing party has amended his or her bankruptcy schedules to include undisclosed claims prior to obtaining a discharge of debt. See Vidal v. Doral Bank Corp., 363 F. Supp. 2d 19, 22 (D.P.R. 2005). The present case, however, paints a different picture as to Oquendo, Quinones and Arroyo.

Oquendo, Quinones and Arroyo's Chapter 7 cases were discharged by the bankruptcy court. Oquendo was discharged on May 25, 2010 (Docket No. 12-2), Quinones was discharged on May 18, 2010 (Docket No. 12-7), and Arroyo was discharged on June 24, 2010 (Docket No. 12-9).[5] They

---

[5] "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). However, there is "a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Alt. Energy, Inc., 267 F.3d at 33 (quoting Watterson, 987 F.2d at 3). The records in

Civil No. 10-2185 (GAG)                    4

did not move to amend their schedules until April 25, 2011 –after Santander filed its first motion to dismiss this case based on judicial estoppel.[6]  (See Docket Nos. 17-1; 17-2; 17-3; 17-4.)  "As other courts have noted, allowing a debtor to back-up, re-open the bankruptcy case, and amend his bankruptcy filing, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." Rodriguez-Torres, 750 F. Supp. 2d at 415 (citations omitted) (internal quotation marks omitted).  For these reasons, the court finds that Oquendo, Quinones and Arroyo's representations in the bankruptcy court preclude them from maintaining their claims here.  Accordingly, the court **GRANTS** Santander's motions for reconsideration and partial dismissal as to Oquendo, Quinones and Arroyo.  Oquendo, Quinones and Arroyo's claims in this case are **DISMISSED**.

Contrarily, Delgado's Chapter 13 bankruptcy case has not been closed or discharged.  A Chapter 13 proceeding typically lasts several years.  In re Young, 233 F.3d 56, 57 (1st Cir. 2000).  A debtor that has not been granted any relief, such as a discharge, based upon representations made in his or her schedule, may still amend the schedules and the Chapter 13 plan to reflect an omitted asset.  See In re DiVittorio, 430 B.R. 26, 48 (Bkrtcy. D. Mass. 2010).  Pursuant to the Federal Rules of Bankruptcy Procedure:

> [a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby.  On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.

FED. R. BANKR. P. 1009(a).  Here, presumably, Delgado amended her schedule to include the instant

---

the plaintiffs' bankruptcy actions are official public records subject to judicial notice.  See Wright v. Sears Roebuck & Co., 2010 WL 6032803 at *2 (W.D. La. Oct. 19, 2010) (finding the court could take judicial notice of bankruptcy records attached to a motion to dismiss).  Therefore, the court considers the plaintiffs' bankruptcy records without converting the motion to dismiss into a motion for summary judgment.  Williams v. Chase Manhattan Mortg. Corp., 2005 WL 2544585 at *6 (W.D.N.C. Oct. 11, 2005) (finding consideration of the plaintiffs' bankruptcy records did not convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment).

[6] Santander moved to dismiss on March 9, 2011.  (See Docket No. 12.)

**Civil No. 10-2185 (GAG)**                    5

claims before the closing of the bankruptcy case. (See Docket No. 17-1.)  The court will not dismiss Delgado's claim on judicial estoppel grounds given that, in filing her amended schedule, she is no longer "asserting a position in one legal proceeding which is contrary to a position [she] has already asserted in another." Vidal, 363 F. Supp. 2d at 22 (quoting Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987)) (internal quotation marks omitted).  Santander's motions for reconsideration and partial dismissal are **DENIED** as to Plaintiff Delgado.

For the reasons set forth above, the court **GRANTS in part and DENIES in part** Santander's motions for reconsideration (Docket No. 22) and for partial dismissal (Docket No. 27). Plaintiffs Oquendo, Quinones and Arroyo's claims against Santander are **DISMISSED**.  Remaining before the court are the claims brought by plaintiffs Delgado and Negron.

**SO ORDERED**.

In San Juan, Puerto Rico this 31st day of October, 2011.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge