IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JESSICA NEGRON-PELUYERA, et al.,**

  **Plaintiffs,**

  v.                                                               Civil No. 10-2185 (GAG)

**SANTANDER FINANCIAL SERVICES, INC.,**

  **Defendant.**

**OPINION AND ORDER**

Presently before the court is Santander's ("Defendant") motion for reconsideration of the order denying its motion for certification of an interlocutory appeal (Docket No. 119). The court has previously denied Defendant's motion to dismiss on mootness grounds and motion for certification of an interlocutory appeal (Docket No. 103). In the present motion, Defendant specifically states it is not seeking reconsideration of the denial of the motion to dismiss, but merely the denial of the certification for an interlocutory appeal to the First Circuit. (See Docket No. 119 at 2.) However, the court has on its own initiative reconsidered the issue of mootness argued in Defendant's previous motions to dismiss and for reconsideration (Docket Nos. 87 & 92). At this time the court holds that is initially erred, and thus vacates its original rulings (Docket Nos. 87, 92, & 103). It further finds the case to be **MOOT** and **GRANTS** Defendant's motion to dismiss for the following reasons.

Defendant properly relies upon Cruz v. Farquharson, 252 F.3d 530 (1st Cir. 2001) in arguing that once a defendant makes a full offer to the named plaintiffs in a purported class action, prior to the class being certified, the case becomes moot. See id. at 533-34. The First Circuit made clear that the class, in a purported class action, does not acquire its own legal status until the class has been certified. See id. at 534. Therefore, if all claims of the named plaintiffs are resolved prior to class certification, the case, as pertaining to the class, is moot. See id. at 533-34. In reaching this decision, the First Circuit took care to note that nothing transpired between the date the defendant offered complete relief to the plaintiff and the date district court ruled made its ruling. See id. at

**Civil No. 10-2185 (GAG)**                                    2

533.

The present case is controlled by Cruz. Defendant offered the named plaintiffs' full relief after both the second and third amended complaints. (See Docket No. 119 at 10-11.) After the third complaint, the purported class had not been certified and no other parties attempted to intervene in the action. See Cruz, 252 F.3d at 533 (stating dismissal may be inappropriate if there was intervention by additional parties or attempts to amend complaint). In this case, there was nothing to change the circumstances between the parties between the time of the offer, after the third amended complaint, and this ruling. Therefore, this court finds Cruz to be controlling and the case must be **DISMISSED**.

**SO ORDERED**.

In San Juan, Puerto Rico this 9th day of May 2012.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge